IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01582-PAB-MEH

**ROBERT MEANY** et al.,
    *Plaintiffs*,

v.

**ATOMIC PROTOCOL SYSTEMS OÜ D/B/A ATOMIC WALLET** et al.,
    *Defendants*.

**DEFENDANT EVERCODE INFINITE'S UNOPPOSED MOTION TO EXCEED PAGE LIMIT**

Defendant Evercode Infinite ("Evercode") submits the following unopposed motion to exceed the Court's page limit for a motion to dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 15) (the "FAC").[1]

1. On June 21, 2023, two named Plaintiffs seeking to represent two putative subclasses filed a Class Action Complaint (ECF No. 1) asserting one claim for negligence.

2. On August 16, 2023, Plaintiffs filed the FAC, adding 19 new plaintiffs for a total of 21 plaintiffs from 21 states, seeking to represent a nationwide class and 21 subclasses.

3. The FAC is 41 pages, alleging claims for negligence, gross negligence, fraudulent misrepresentation, fraudulent concealment, and civil conspiracy on behalf of Plaintiffs individually, as well as the putative classes, against Evercode and each of the other defendants.

---

[1] **Conferral Certificate:** Undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in this motion. Plaintiffs do not oppose the requested enlargement of the page limit, and Evercode similarly will not oppose any forthcoming motion by Plaintiffs for a similar enlargement of the page limit in opposition.

1

4. Evercode intends to move to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), as well as the doctrine of *forum non conveniens* based on a mandatory forum-selection clause. And because the FAC asserts common law tort claims by 21 plaintiffs from 21 different states without identifying a governing law, Evercode must address choice of law issues in seeking dismissal under Rule 12(b)(6).

5. Plaintiffs' claims thus present legally complex issues requiring detailed analysis of, among other things, this Court's jurisdiction over foreign defendants in a putative class action, *forum non conveniens* based on a mandatory forum selection clause selecting a foreign forum, and several state common law doctrines pertaining to cryptocurrency and data security. Evercode seeks to fully engage in this analysis, but it does not believe that the current 15-page limit for the Motion can be met without adversely impacting Evercode's arguments or hindering the Court's informed review of these issues.

6. Evercode is in the process of conferring with counsel for Plaintiffs regarding the grounds Evercode intends to assert for dismissal, but it does not appear at this juncture that any will be resolved by the conferral.

7. Accordingly, Evercode requests that the Court allow it to file a Motion to Dismiss that exceeds the page limit set forth in the Court's Practice Standards. Specifically, Evercode requests a 15-page enlargement of the page limit such that it may file a motion not exceeding 30 pages.

8. The foregoing reasons establish good cause for enlargement of the page limit for Evercode's Motion. This request is brought in good faith. No party will be prejudiced by this request.

WHEREFORE, Evercode respectfully requests that the Court grant its request to file a Motion to Dismiss exceeding the Court's page limit, not to exceed 30 pages.

Dated: October 20, 2023    Respectfully submitted,

/s/ Nicholas W. Katz
Jessica J. Smith
Nicholas W. Katz
Daniel H. Athenour
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax: (303) 223-3262
jjsmith@hollandhart.com
nwkatz@hollandhart.com
dhathenour@hollandhart.com
**ATTORNEYS FOR DEFENDANT EVERCODE**

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I have caused the foregoing to be served on the following electronically via ECF:

dthornburgh@awkolaw.com
nguntner@awkolaw.com
dkreis@awkolaw.com

**Attorneys for Plaintiffs**

*/s/ Nicholas W. Katz*
HOLLAND & HART LLP

30748056_v1