IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01582-PAB-MEH

**ROBERT MEANY** et al.,
    *Plaintiffs*,

v.

**ATOMIC PROTOCOL SYSTEMS OÜ D/B/A ATOMIC WALLET** et al.,
    *Defendants*.

### DEFENDANT EVERCODE INFINITE'S MOTION TO STAY DISCOVERY

Defendant Evercode Infinite ("Evercode") hereby moves to stay discovery and the issuance of a scheduling order pending resolution of Evercode's contemporaneously filed Motion to Dismiss and Motion to Strike Class Allegations.[1]

### ARGUMENT

1.    Plaintiffs filed their First Amended Complaint ("FAC") (ECF No. 15) on August 16, 2023, as a putative class action with 21 named plaintiffs. The FAC sets forth claims for negligence, fraud, and conspiracy against five foreign defendants relating to a digital wallet platform for cryptocurrencies. Plaintiffs served Evercode Lab Ltd. (Hong Kong), a different entity from Evercode, on September 15, 2023. According to the docket, no other defendants have been served.

2.    On October 4, 2023, Evercode entered an appearance and moved for an extension of time to respond to the FAC. The Court granted the request (ECF No. 29), and Evercode filed a Motion to Dismiss and a Motion to Strike Class Allegations contemporaneously with this Motion.

---

[1] **Conferral Certificate:** Counsel for Evercode conferred with counsel for Plaintiffs via email and telephone on Friday, October 20, 2023. Plaintiffs oppose the relief requested herein.

3. Evercode's Motion to Dismiss seeks dismissal of the FAC under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for improper service of process, and 12(b)(6) for failure to state a claim. Evercode's Motion to Strike asks the Court to strike the FAC's class allegations under Rules 12(f) and 23(d)(1)(D) because Plaintiffs have failed to satisfy Rule 23.

4. Given these considerable threshold issues—including issues pertaining to the Court's jurisdiction over Evercode—Evercode seeks a stay of discovery pending the Court's resolution of the Motions. *See Edwards v. Zenimax Media, Inc.*, 2012 U.S. Dist. LEXIS 68816, at *13 (D. Colo. May 17, 2012) (staying discovery pending resolution of motion to dismiss and motion to strike class allegations). Evercode also respectfully requests that the stay on discovery encompass the issuance of a Scheduling Order, as no case deadlines should be set until Evercode's Motions are resolved.

5. The decision to stay discovery is within the Court's discretion. *E.g.*, *Genberg v. Porter*, 2012 U.S. Dist. LEXIS 25119, at *2 (D. Colo. Feb. 27, 2012). Courts typically consider five factors in determining whether to stay discovery: (1) the plaintiff's interests in proceeding expeditiously and the potential prejudice of delay, (2) the burden on the defendant, (3) the convenience to the court, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006); *see also Edwards*, 2012 U.S. Dist. LEXIS 68816, at *6–13 (applying the five *String Cheese* factors in granting a stay). Here, these factors weigh strongly in favor of a stay.

6. *First*, a stay would not prejudice Plaintiffs. Evercode's Motion to Strike and Motion to Dismiss raise jurisdictional issues and questions of law, and Plaintiffs do not need discovery to properly respond. If the Court denies Evercode's Motions, then Plaintiffs will be able to engage in discovery. If the Court grants the Motions in part or in whole, then the case—and Plaintiffs' associated discovery efforts—will be narrowed or dismissed entirely.

7. *Second*, the burden on Evercode is significant. Two of Evercode's bases for dismissal implicate threshold issues of jurisdiction. As a foreign entity already incurring significant costs in this action, Evercode should not have to undergo discovery until the Court has determined whether it has jurisdiction over Evercode. *See Genberg*, 2012 U.S. Dist. LEXIS 25119, at *4 ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *Sallie v. Spanish Basketball Fed'n*, 2013 U.S. Dist. LEXIS 132833, at *3 (D. Colo. Sept. 17, 2013) (same). Evercode is also the only defendant in this case that has appeared. Atomic Protocol Systems OÜ, for instance, is the actual owner and operator of the cryptocurrency platform at issue, and it has not yet appeared. Evercode would thus be Plaintiffs' sole discovery target in a case against five defendants. And the burden of discovery would be heightened in this putative class action, *see Edwards*, 2012 U.S. Dist. LEXIS 68816, at *8 (noting discovery in class actions "impose[s] on Defendants more than the ordinary burdens of litigation"), but as set forth in Evercode's Motion to Strike, this case cannot proceed as a class action.

8. *Third*, granting a stay would preserve the Court's resources and allow for more efficient resolution of the claims. The Motion to Dismiss stands to either narrow or dispose of the entire action, thus preventing unnecessary efforts by the Court. *See, e.g.*, *Sallie*, 2013 U.S. Dist. LEXIS 132833, at *2 ("[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." (quotation omitted)). Resolving the Motion to Strike could similarly narrow the scope of discovery and focus any necessary Court intervention on relevant claims.

9. *Fourth*, the interests of non-parties "bears no weight as there are no nonparties with significant particularized interests in the case." *See Herman v. PBIA & Co.*, 2021 U.S. Dist. LEXIS 221197, at *7 (D. Colo. June 10, 2021); *see also Edwards*, 2012 U.S. Dist. LEXIS 68816, at *12 (absent class members' interests are already represented by the plaintiff).

10. *Fifth*, "the general public's primary interest in this case is an efficient and just resolution." *See Herman*, 2021 U.S. Dist. LEXIS 221197, at *7 (quotation omitted). As explained above, staying discovery and a scheduling order pending the significant threshold issues is the most efficient and just means of moving this case forward. Together, therefore, the *String Cheese* factors strongly favor a stay.

WHEREFORE, Evercode respectfully requests that the Court grant this Motion and stay discovery and the issuance of a scheduling order pending resolution of Evercode's Motion to Dismiss and Motion to Strike Class Allegations.

Dated: October 27, 2023.

Respectfully submitted,

*/s/ Jessica J. Smith*
Jessica J. Smith
Nicholas W. Katz
Daniel H. Athenour
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax: (303) 223-3262
jjsmith@hollandhart.com
nwkatz@hollandhart.com
dhathenour@hollandhart.com
**ATTORNEYS FOR DEFENDANT EVERCODE INFINITE**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I have caused the foregoing to be served on the following electronically via ECF:

>dthornburgh@awkolaw.com
>nguntner@awkolaw.com
>dkreis@awkolaw.com

**Attorneys for Plaintiffs**

>*/s/ Jessica J. Smith*
>HOLLAND & HART LLP

30738504_v3