IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01582-PAB-MEH

ROBERT MEANY,
GRAHAM DICKINSON,
JOHN BRISCOE,
TODD GAMMON,
MICHAEL FISK,
PAUL UNRUH,
JOVAN SILVA DELGADO,
GREGORY LOBERG,
VINCENT D'AMELIO,
CARTER RUESS,
DANIEL WERTER,
JEFFREY ROGERS,
ERIK NELSON,
LANDON GRUBB,
SAM BREAZEALE,
BRENDA ABBLEY,
DERECK ERNEST,
ERIC JENSEN,
DOUGLAS EDWARDS,
DUSTIN FALK, and
DANIEL HAYES,

    Plaintiffs,

v.

ATOMIC PROTOCOL SYSTEMS OÜ d/b/a/ Atomic Wallet,
EVERCODE INFINITE d/b/a Evercode Lab,
KONSTANTIN GLADYSHEV a/k/a Konstantin Gladych,
ILIA BRUSOV a/k/a Ilya Berezovsky a/k/a Ilya Bere, and
PAVEL SOKOLOV a/k/a Paul Sokolov,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 6(b)(1)(B) to Extend Deadlines to Respond to Defendants Konstantin Gladyshev a/k/a Konstantin Gladych and Pavel Sokolov a/k/a Paul Sokolov's Motion to Dismiss [Docket No. 96] and Defendants Konstantin Gladyshev and Pavel Sokolov's Motion to Strike Plaintiffs' Response Brief Due to Untimely Filing [Docket No. 98].

On March 14, 2024, defendants Konstantin Gladyshev and Pavel Sokolov (the "individual defendants") filed a motion to dismiss. Docket No. 84. Plaintiffs filed a response on April 15, 2024, which was stricken for failure to comply with the Court's April 15, 2024 order limiting plaintiffs' response to twenty pages. Docket Nos. 92, 93, 94. Plaintiffs filed a compliant response on April 17, 2024. Docket No. 95. On April 30, 2024, plaintiffs filed a motion for extension of time seeking to retroactively extend the deadline to file their response to the individual defendants' motion to dismiss. Docket No. 96 at 4, ¶ 9. Plaintiffs state that the reason that they failed to file a response within the 21-day deadline set by the Local Rules, *see* D.C.COLO.LCivR 7.1(d), was that the due date was miscalendared as 30 days after the motion to dismiss was filed, rather than 21 days. *Id.* at 2, ¶ 3.

Federal Rule of Civil Procedure 6(b) states that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."

2

*Pioneer Inv. Servs. Co. v. Brushwick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quotations omitted) (interpreting "excusable neglect" in the context of the Federal Rules of Bankruptcy Procedure); *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer* definition to Rule 6(b) analysis).  Courts are directed to consider four factors when determining whether a party's neglect is excusable: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party."  *Hamilton v. Water Hole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (unpublished) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).  The "good-cause standard requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'"  *Cooper v. Shelter Gen. Ins. Co.*, No. 21-cv-02957-REB-NYW, 2022 WL 1123069, at *4 (D. Colo. Apr. 14, 2022) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).  The Tenth Circuit has held that Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits."  *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

Plaintiffs argue that the delay in filing their response to the motion to dismiss "was minimal and had little to no impact on judicial proceedings, as discovery is stayed and trial has not been set," that the delay was "wholly inadvertent and not in bad faith or for tactical or strategic reasons," and that defendants will not be prejudiced if the Court grants plaintiffs' motion for extension of time.  Docket No. 96 at 3, ¶ 7.  The individual defendants do not dispute these assertions, but argue that the Court should deny

plaintiffs' motion because "the excuse of a miscalendared [ ] deadline does not qualify as excusable neglect."  Docket No. 103 at 2.  To support this argument, the individual defendants cite *Lopez v. Cantex Health Care Centers II, LLC*, 2023 WL 7321637, at *3 (10th Cir. Nov. 7, 2023), in which the Tenth Circuit found that the district court did not abuse its discretion in holding that "clerical errors in miscalendaring" a deadline was not excusable neglect, and *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1252-53 (10th Cir. 2017), in which the Tenth Circuit found that the district court did not abuse its discretion in holding that a party had not demonstrated excusable neglect where an attorney's delayed filing was likely due to miscalendaring and the attorney's error was not isolated.[1]  Docket No. 103 at 3.

    The Court finds that three of the four *Hamilton* factors—danger of prejudice, length of delay, and good faith—weigh in favor of granting plaintiffs' motion.  Moreover, the Court notes that plaintiffs' delay in filing a response to the individual defendants' motion appears to be "a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)."  *See Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citation omitted); *see also Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (characterizing counsel's overlooking a motion for summary judgment was "a mistake that could occur in any office, no matter how well run" and noting that this mistake "was but a single incident, completely unintentional and not

---

[1] The other cases that the individual defendants cite interpret excusable neglect under Federal Rule of Appellate Procedure 4(a)(5) in the context of parties seeking an extension of time to file an appeal.  *See* Docket No. 103 at 4 (citing *Bruce v. City of Colo. Springs*, 2024 WL 1109065, at *1 (10th Cir. Mar. 14, 2024); *Biodiversity Conservation All. v. Bureau of Land Mgmt.*, 438 F. App'x 669, 673 (10th Cir. 2011) (unpublished); *Torres*, 372 F.3d at 1162-64.  As such, they are distinguishable from this case.

4

contumacious in nature"). For these reasons, and in light of the Tenth Circuit's directive that Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits," see *Rachel,* 820 F.3d at 394, the Court finds that plaintiffs have established excusable neglect.

The individual defendants argue that plaintiffs cannot meet the "good cause" standard required to obtain an extension of time under Rule 6(b) because "the need for an extension is squarely within the control of Plaintiffs" since the "failure to adhere to the response deadline . . . was a result of their own lack of diligence."[2] Docket No. 103 at 5. Plaintiffs respond that they "have acted in good faith diligently litigating the instant case for the past year, and Plaintiffs' delay in filing the response brief was a 'single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay).'" Docket No. 106 at 5 (quoting *Jennings*, 394 F.3d at 857). The Court agrees with plaintiffs and finds that there is good cause to grant plaintiffs' motion for an extension of time. *See Halik v. Brewer*, No. 21-cv-00508-PAB-MDB, 2022 WL 16792219, at *3 (D. Colo. Nov. 8, 2022) (granting extension where late filing was an "honest mistake," there was no suggestion that the delay was strategic or otherwise intentional, and "the circumstances surrounding Defendant's failure to file a responsive pleading suggest[ed] conduct that rises to the level of, at most, negligence"); *see also Montoya v. Lucero*, 2024 WL 278313, at *2 (D.N.M. Jan. 25, 2024) (finding good cause where movants had

---

[2] The case that the individual defendants rely on for the proposition that "the need for an extension is usually occasioned by something that is not within the control of the movant," Docket No. 103 at 5, (quoting *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (unpublished)), is distinguishable from this case. In *Utah Republican Party*, the movant "repeatedly missed filing deadlines" throughout the life of the case and the district court found that the movant had not established either good cause or excusable neglect. 678 F. App'x at 698-99.

5

"been generally diligent in meeting discovery deadlines and requesting extensions" and the risk of unfairness to plaintiffs if the extension was not granted was great).  The Court will grant plaintiffs' motion for an extension of time.

On May 1, 2024, the individual defendants filed a motion to strike plaintiffs' response to the individual defendants' motion to dismiss on the basis that the response was untimely.  Docket No. 98.  Because the Court is granting plaintiffs' motion for an extension of time, it will deny the individual defendants' motion to strike the response as untimely.  Therefore, it is

**ORDERED** that Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 6(b)(1)(B) to Extend Deadlines to Respond to Defendants Konstantin Gladyshev A/K/A Konstantin Gladych and Pavel Sokolov a/k/a Paul Sokolov's Motion to Dismiss [Docket No. 96] is **GRANTED**.  It is further

**ORDERED** that Defendants Konstantin Gladyshev and Pavel Sokolov's Motion to Strike Plaintiffs' Response Brief Due to Untimely Filing [Docket No. 98] is **DENIED**.

DATED September 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge