IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01582-PAB-CYC

**ROBERT MEANY** et al.,
    *Plaintiffs*,

v.

**ATOMIC PROTOCOL SYSTEMS OÜ D/B/A ATOMIC WALLET** et al.,
    *Defendants*.

### DEFENDANT EVERCODE INFINITE'S MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant Evercode Infinite hereby moves for entry of final judgment pursuant to Federal Rules of Civil Procedure 58(d) and 54(b).[1]

## BACKGROUND

Plaintiffs filed this putative class-action lawsuit on June 21, 2023 against Defendants Atomic Wallet and Konstantin Gladych, ECF No. 1, then amended their complaint on August 11, 2023 to assert additional claims against Atomic Wallet, Evercode Infinite, Konstantin Gladyshev, Ilia Brusov, and Pavel Sokolov, ECF No. 12. Evercode Infinite, Atomic Wallet, Gladyshev, and Sokolov each moved to dismiss. ECF Nos. 32, 50 & 84. On September 10, 2024, the Court granted those motions, concluding that it lacked personal jurisdiction over any of those parties. ECF No. 110. Because Plaintiffs had still not served Brusov, the Court ordered Plaintiffs to show

---

[1] **Conferral Certificate:** Counsel for Evercode Infinite conferred with counsel for Plaintiffs and counsel for Defendants Atomic Wallet, Konstantin Gladyshev, and Pavel Sokolov regarding the relief requested herein. The other defendants do not object to the relief requested here. Counsel for Plaintiffs stated that Plaintiffs oppose this Motion but have not responded to undersigned counsel's request that Plaintiffs explain the basis for their opposition.

cause why Brusov should not also be dismissed pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 22. On October 1, 2024, Plaintiffs responded to the order to show cause, stating that they did "not oppose an order dismissing without prejudice the claims against the only remaining Defendant, Ilia Brusov." ECF No. 111 at 3.

To date, the Court has not yet entered an order dismissing the claims against Brusov and has not entered a final judgment.[2]

## ARGUMENT

Because all claims in this action have been resolved, the Court should enter final judgment on all claims and as to all parties pursuant to Federal Rule of Civil Procedure 58. In the alternative, the Court should enter final judgment as to the claims against Evercode Infinite pursuant to Rule 54(b).

### I.   The Court Should Enter Final Judgment on All Claims Under Rule 58(d).

Rule 58(b) provides that, subject to Rule 54(b), the court clerk must promptly prepare, sign, and enter the judgment when the Court denies all relief requested in the action. Fed. R. Civ. P. 58(b)(1)(c). Per Rule 58(d), "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d); *see also* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

Here, all claims against Atomic Wallet, Evercode Infinite, Gladyshev, and Sokolov have been dismissed, and Plaintiffs have conceded to the dismissal of all claims against Brusov, the only remaining defendant. Accordingly, the Court should order the dismissal of the claims

---

[2] In the interim, Plaintiffs have filed a duplicative action against the same defendants in the United States District Court for the Northern District of California, Case No. 3:25-cv-04684.

against Brusov and order the entry of a final judgment as to all claims and all parties per Rule 58(b). This will allow the closure of this two-year-old litigation or allow Plaintiffs to appeal the Court's decision if they so choose. Either way, entry of final judgment is appropriate.

## II. In the Alternative, the Court Should Enter Final Judgment as to Evercode Infinite Under Rule 54(b).

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A Rule 54(b) certification is appropriate if the Court determines that (i) the order it is certifying is a final order, and (ii) there is no just reason to delay review of the final order. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). Here, the Court's dismissal order is a final order as to the claims against Evercode Infinite, and because all claims against Evercode Infinite were dismissed approximately one year ago, with no outstanding issues in this action as to Evercode Infinite, there is no just reason to delay entering a final judgment in favor of Evercode Infinite on Plaintiffs' claims.

## CONCLUSION

For the above reasons, Evercode Infinite respectfully requests that the Court enter final judgment on all claims and as to all parties under Rule 58(d). In the alternative, the Court should enter final judgment as to Evercode Infinite under Rule 54(b).

Dated: September 3, 2025.     Respectfully submitted,

/s/ Nicholas W. Katz
Jessica J. Smith
Nicholas W. Katz
HOLLAND & HART LLP
555 17th Street, Suite 3200

Denver, CO 80202
Phone: (303) 295-8000
Fax: (303) 223-3262
jjsmith@hollandhart.com
nwkatz@hollandhart.com

**ATTORNEYS FOR DEFENDANT
EVERCODE INFINITE**

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, this document was electronically filed and served using the Court's CM/ECF system, to all counsel of record.

>*/s/ Nicholas W. Katz*
>Holland & Hart LLP

35675631_v1